UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SHAWN SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-00516-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on June 8, 2012 and for supplemental security income on June 21, 2012. Administrative Record ("AR") 20.[2] The disability onset date for both applications was alleged to be September 15, 2009. Id. The applications were disapproved initially and on reconsideration. Id. On May 13, 2014, ALJ Mark C. Ramsey presided over the video hearing on plaintiff's challenge to the disapprovals. AR 42-61 (transcript). Plaintiff was present and testified at the hearing. AR 42. Plaintiff was represented by Joseph C. Fraulob, Esq., at the hearing. Id. There was no Vocational Expert at the hearing.

On August 18, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 20-35 (decision), 36-39 (exhibit list). On January 12, 2016, after receiving counsel's Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision).

Plaintiff filed this action on March 11, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 9, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 18 (plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born on July 30, 1975, and accordingly was 34 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 33; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 33.

---

[2] The AR is electronically filed at ECF Nos. 13-3 to 13-11 (AR 1 to AR 581).

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

3

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since September 15, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: schizoaffective disorder, bipolar I disorder with psychotic features, substance abuse disorder, and personality disorder with borderline traits (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant is able to perform simple and repetitive tasks without supervision as well as interact with coworkers and supervisors.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. [Step 5] The claimant was born on July 30, 1975 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. [Step 5, continued] The claimant has at least a high school

|   |   |
|---|---|
| 1 | education and is able to communicate in English (20 CFR 404.1564 and 416.964). |
| 2 | |
| 3 | 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 4 | |
| 5 | |
| 6 | 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)). |
| 7 | |
| 8 | |
| 9 | 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |
| 10 | |

AR 22-34.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 34.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly credit the opinion of treating physician Dr. Mathew Davis, and (2) improperly discrediting plaintiff's testimony. ECF No. 18 at 13.

### A. The ALJ Properly Weighed the Opinion of Dr. Davis

The ALJ did not err in assigning little weight to the opinion of treating physician Dr. Mathew Davis. "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or

more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

The ALJ gave little weight to Dr. Davis's medical assessment[3] because: (1) Dr. Davis had only been seeing plaintiff for one month at the time the opinion was written; (2) the treatment notes from Dr. Davis after the opinion was written show that with proper treatment, the claimant's symptoms improved; and (3) Dr. Davis's opinion was not consistent with the medical records taken as a whole. AR 32. Plaintiff argues that each of these reasons is insufficient to support discounting Dr. Davis. ECF No. 18 at 13-16. First, plaintiff argues that despite Dr. Davis's limited contact with the plaintiff before writing his opinion, Dr. Davis had access to the plaintiffs medical chart and "presumably consulted her prior medical records in determining the proper medication regimen to prescribe." Id. at 15. This assertion is unsupported by plaintiff, and it is unsupported by the record.

Relatedly, the ALJ's reliance on Dr. Davis's medical notes written after he drafted his November 20, 2013 medical assessment constitutes a clear and convincing reason to give little weight to the medical assessment. AR 32, 561-62. Though plaintiff characterizes the ALJ's summary of Dr. Davis's later findings as disingenuous, a review of the record supports the ALJ's assessment. For example, the ALJ relies on notes from March 7, 2014, which indicate improvements in plaintiff's mood stability since restarting her mediations, though at that point plaintiff was still doing "very poorly." AR 569. The ALJ further points to Dr. Davis's April 4,

---

[3] Dr. Davis's medical assessment is located at AR 561-62. Although the document contains the name "Dr. Gerald Maguire" beneath a signature line that appears to read "M Davis MD" the parties have agreed and the ALJ decided that this opinion was in fact the opinion of Dr. Davis. AR 32, ECF No. 18 at 8, n.2, ECF No. 21 at 4, n.2.

7

2014 notes, which indicate plaintiff had significant "further improvements in her affective regulation, her presentation, [was] more appropriately dressed/made-up, [had] less pressured speech," and was more attentive and goal-oriented, though she did still have some quick/loud speech. AR 566. Though not cited by the ALJ, notes from March 17, 2014 also indicate improvement; Dr. Davis noted that plaintiff had been taking her medication and reported feeling more "clear and peppy, yet not manicky" although she still reported sometimes feeling manic. AR 567.

Plaintiff points to Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001), for the proposition that a physician's opinion must be read in "the context of the overall picture he draws" and that plaintiff's "improvement with medications" is not a specific and legitimate reason to reject Dr. Davis's decision. The court finds Holohan instructive but factually distinct. In Holohan, the ALJ was faulted for selective reliance on some entries in the medical record and ignoring some of a physician's "more recent" opinions that the plaintiff's impairments were "quite severe." Id. at 1207. Here, the ALJ discredited Dr. Davis's opinion, in part, because it was written before medical examinations that later revealed plaintiff's condition was less severe. The ALJ did not cherry pick some hopeful findings out of a sea of notes indicating disability; each of Dr. Davis's subsequent medical notes shows a steady improvement in plaintiff's condition. AR 566-69. Conflict between a physician's opinion and his treatment notes can "justify a decision not to give the treating physician's opinion controlling weight" when the contents of the notes and the opinion actually support a finding of conflict. Holohan, 246 F.3d at 1205. In Hollohan the records did not support a conflict; here, the ALJ did not err in finding conflict between Dr. Davis's opinion and his later medical notes. Accordingly, this constitutes a specific and legitimate reason to discount Dr. Davis's opinion.

Finally, plaintiff takes issue with the ALJ's finding that Dr. Davis's opinion is inconsistent with the record as a whole, arguing this "boilerplate" statement cannot be a specific and legitimate reason for discounting Dr. Davis's opinion. ECF No. 18 at 16. Although the ALJ did use this phrase in his conclusion on the subject, the "inconsistency" with the medical record as a whole was explained in earlier paragraphs in which the ALJ pointed to conflicting medical

8

notes in the record. For example, the ALJ explained in detail the opinion of consultative examining physician Dr. David Richwerger. AR 31. Dr. Richwerger conducted an in-person examination of plaintiff and found only mild to moderate limitations. AR 31, 487-91. The inconsistency with other sources in the record, as well as Dr. Davis's limited treatment of plaintiff at the time he wrote his opinion and subsequent medical notes showing improvement constitute specific and legitimate reasons for discrediting the opinion of Dr. Davis.

### B. The ALJ Improperly Discounted Plaintiff's Subjective Testimony

The ALJ erred in his treatment of plaintiff's subjective testimony, and remand for further development of the record is required. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

The ALJ provided four reasons for discrediting plaintiff that are supported by substantial evidence. The ALJ found plaintiff not entirely credible based on: (1) her activities of daily living, which the ALJ found inconsistent with her complaints of disabling symptoms and limitations; (2) her sporadic work history prior to her onset date; (3) her receipt of unemployment benefits from

2011 and 2012; and (4) her noncompliance with treatment protocols.[4] AR 27-30. Plaintiff addresses and contests each of these grounds for discrediting her testimony. ECF No. 18 at 18.

First, plaintiff's relatively minimal activities of daily living do not contradict her testimony regarding her limitations. Disability does not require plaintiff to "vegetate in a dark room excluded from all forms of human and social activity." Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (internal citations omitted). The Ninth Circuit has repeatedly "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The activities of daily living the ALJ relies on, including caring for her teenage son when he periodically visits, caring for her three cats, completing household chores, and going shopping for food and "basic quick necessities" two to three times per week do not clearly contradict plaintiff's testimony regarding her limitations. AR 24, 246-256. A full review of plaintiff's adult function report indicates that while she can complete certain self-care tasks, they are difficult for her. For example, plaintiff states she can get dressed but it is "time consuming." AR 247. Plaintiff further writes, "I try to do my household chores . . . I just need to master my overbearing thoughts in my brain that make it difficult for me to be personally mobile and accomplish tasks with a fulfilling feeling of success." AR 250. The ALJ's use of plaintiff's somewhat minimal activities of daily living to discredit her testimony is not well supported.

Second, plaintiff's sporadic work prior to her onset date, without more, is not a clear or convincing reason to discredit her testimony regarding her limitations. The ALJ stated that plaintiff's sporadic work history "raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments." Simply raising this possibility is not a "clear and convincing" reason to discount plaintiff's subjective testimony.

Third, the ALJ's use of plaintiff's receipt of unemployment benefits to discredit her is

---

[4] Defendant asserts that the ALJ also discredited plaintiff due to her inconsistent statements regarding her history of substance abuse with alcohol, methamphetamines, and prescription drugs. ECF No. 21 at 10. Though the ALJ did note inconsistencies throughout his decision, it is not one of the reasons specifically provided for discrediting plaintiff. See AR 29-30.

10

impermissible under the circumstances. "[T]he record here does not establish whether [plaintiff] held [herself] out as available for full-time or part-time work. Only the former is inconsistent with [her] disability allegations. Thus, such basis for the ALJ's credibility finding is not supported by substantial evidence." Carmickle, 533 F.3d at 1162. The ALJ failed to develop the record on this point, and without further information, he cannot use plaintiff's receipt of unemployment benefits to discredit her. AR 30.

Finally, the ALJ's use of plaintiff's noncompliance with treatment is, without further factual development, not sufficient to discredit plaintiff's testimony regarding her limitations. The Ninth Circuit has made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996). While the ALJ provides a fairly detailed summary of plaintiff's various failures to seek or comply with treatment protocols, he does not provide any analysis as to the potential impairment-related reasons for these failings. AR 30. An examination of the record indicates plaintiff's impairment may have contributed to her failure to follow treatment protocols. For example, lay testimony from plaintiff's boyfriend states that plaintiff is prevented from going out because "things affect her body and mind that tell her to do certain things and tell her she is being manipulated by people that she only sees and hears." AR 260. Plaintiff also testified to being incapacitated two to three times per week due to voices and visions. AR 55. Without providing any assessment as to how plaintiff's symptoms might have affected her treatment compliance, the ALJ's reasoning on this point is not clear or convincing.

C. Remand for Benefits or for Further Proceedings

As discussed above, the ALJ erred discounting plaintiff's subjective testimony for the reasons provided. That error was not harmless, because crediting plaintiff's subjective testimony could result in a finding of non-disability.

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should

remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, further factual development is needed to determine if and to what extent plaintiff's subjective testimony should be credited, and what the impact of crediting her testimony would be on the determination of disability. For these reasons, the matter is reversed and remanded to the Commissioner for further factual development.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE